# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cr-20254-JTF-tmp |
| | ) |
| ANTONIO COACH and LORENZO | ) |
| SEABERRY, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Antonio Coach's ("Coach") Motion to Suppress filed on February 27, 2017, and Lorenzo Seaberry's ("Seaberry") Motion to Suppress filed on March 16, 2017. (ECF Nos. 31 & 40). The United States of America (the "Government") filed its Responses in Opposition on April 3, 2017. (ECF Nos. 45 & 46). This Court referred the instant motions to a Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b). (ECF Nos. 35 & 41). The Magistrate Judge issued a Report and Recommendation on Defendants' Motions to Suppress on June 6, 2017. (ECF No. 54). Coach and Seaberry both filed Objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 56 & 57). Subsequently, the Government filed Responses to Defendants' Objections on June 30, 2017. (ECF Nos. 58 & 59). After a *de novo* review, the Court finds that the Report and Recommendation should be Adopted.

## **STANDARD OF REVIEW**

The Court may refer a motion to suppress in a criminal matter to a magistrate judge for the purpose of conducting an evidentiary hearing and to submit proposed findings of fact and

1

recommendations for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a *de novo* evidentiary hearing as part of its *de novo* review. *United States v. Raddatz*, 447 U.S. 667, 674 (1980). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## FINDINGS OF FACT

This Court adopts the Magistrate Judge's proposed findings of fact in this case. *See* (ECF No. 54).

## ANALYSIS

Defendant Coach presents, essentially, five objections to the Magistrate Judge's Report and Recommendation: 1) it is unclear who determined that the vehicle pulled over in Arkansas was registered to Coach at 2349 Curbertson in Bartlett, Tennessee; 2) whether the amount of marijuana was indicative of personal use, and the events prior to March 21 fail to show that detectives knew how long the trash can had been at the curb; 3) Stale information was used to obtain the search warrant; 4) the search warrant lacked sufficient information to establish probable cause; and 5) the Magistrate Judge's finding that he did not make the necessary, substantial preliminary showing for a *Franks* hearing

Defendant Seaberry presents three objections to the Magistrate Judge's Report and Recommendation: 1) his Motion to Suppress should be granted because "Stale" information was used to obtain the search warrant; 2) the search warrant lacked sufficient information to establish probable cause; and 3) the Magistrate Judge's finding that he did not make the necessary,

substantial preliminary showing for a *Franks* hearing. The Court will address these objections below.

**A. Coach's First and Second Objections**

Coach "objects to the first paragraph of section A, page 2 in that it was not clear who determined that the vehicle pulled over in Arkansas was registered to Antonio Coach at 2349 Curbertson in Bartlett, Tennessee." (ECF No. 57 at 2). The Court finds Coach's first objection as a general objection. While the objection is clearly a factual objection, Coach fails to explain how this objection is of consequence. The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)) ("The requirement of objections permitted the district court to focus attention on those issues…that are at the heart of the parties dispute…thereby preventing the district court from being 'sandbagged' by a failure to object.") Without a specific objection, it is difficult for the Court to determine how the Magistrate Judge's Report and Representation misrepresented the facts of this case or what cause or issue the Plaintiff could find objectionable. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

Coach also objects to

> page 3 in the amount of marijuana was indicative of personal use. Also, section A concerning the events prior to March 21 fails to show that detectives did not know how long the trash had been at the curb. It could have been there over a week. It also fails to state that anyone walking down the street could have had access to the trash can for lengthy periods of time. It further does not state that there was any direct link to the trash can and the home except two pieces of mail. In fact most evidence found linked Seaberry to the home and not Coach.

3

(ECF No. 57 at 2). Coach's objection to the amount of marijuana being indicative of personal use does not alter the Court's probable cause analysis discussed below. Additionally, the remaining parts of Coach's objection invite undue speculation and ignores the requirement that affidavits must be reviewed in their totality. The objection seems to omit the fact that 194 pounds of marijuana was discovered in a vehicle traveling from Dallas to Memphis, and the vehicle was registered to Coach at the Curbertson residence. Accordingly, these objections are OVERRULED.

### B. *Stale information was used to obtain the warrant (Coach and Seaberry Objection)*

Coach and Seaberry argue that the search warrant in the instant case was not executed until a month after the illegal activity that occurred on February 27, 2016, and as a result, stale information was used to obtain the warrant. *See United States v. Frechette*, 583 F.3d 375, 377 (6th Cir. 2009) (citation omitted) ("Stale information cannot be used in a probable cause determination."). To determine whether information is stale, the Sixth Circuit considers the following factors:

> (1) the character of the crime (chance encounter in the night or regenerating conspiracy?),
> (2) the criminal (nomadic or entrenched?),
> (3) the thing to be seized (perishable and easily transferrable or of enduring utility to its holder?), and
> (4) the place the be searched (mere criminal forum of convenience or secure operational base?).

*Id*. at 378 (citing *United States v. Abboud*, 438 F.3d 554, 572-73 (6th Cir. 2006)).

In evaluating staleness in the instant case, the Magistrate Judge stated that

> "[t]he probable cause determination cannot be measured in a vacuum, but rather must be viewed together and in totality with the events immediately preceding the search. Recent events can serve to refresh otherwise stale information[.]" *United States v. Redmond*, 475 F. App'x 603, 610 (6th Cir. 2012) (internal citations omitted)." Here, a large amount of marijuana residue and other items indicative of a marijuana distribution operation were found in the trash cans in front of the

4

    Curbertson residence three days prior to the issuance of the affidavit. This evidence of recent drug distribution activity would clearly refresh any arguable staleness concerns.

(ECF No. 54 at 14).

  After a *de novo* review of the record, the Court agrees with the Magistrate Judge's conclusion that the affidavit was not based on stale information. Although marijuana is easily transferrable, the character of the crime in the instant case is of an ongoing nature. *See United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990) (citations omitted) ("narcotics conspiracies are the very paradigm of the continuing enterprises for which the courts have relaxed the temporal requirements of non-staleness."). Furthermore, the amount of marijuana refuse and the number and size of the plastic bags from the trash pull at the Curbertson residence was indicative of a marijuana distribution conspiracy, which would refresh the allegedly stale information. *See United States v. Redmond*, 475 F. App'x 603, 610 (6th Cir. 2012); s*ee also Wagner*, 989 F.2d at 75 (citing *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)) ("Facts of past criminal activity that by themselves are too stale can be sufficient if the affidavit also establishes a pattern of continuing criminal activity so there is reason to believe that the cited activity was probably not a one-time occurrence.")). Accordingly, these objections are OVERRULED.

### C. The search warrant lacked sufficient information to establish probable cause (Coach and Seaberry Objection)

  The Fourth Amendment guarantees people the right to be free from unreasonable searches and seizures and to be secure in their homes and personal effects. U.S. Const. amend IV. The Fourth Amendment also requires probable cause in order to issue a warrant. *Id.* To determine if probable cause exists, the task of the issuing judicial officer is "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."

5

*Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Franklin*, 622 F. App'x 501, 508 (6th Cir. 2015).

Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny. *United States v. Baechtle*, No. 2:13-cr-20054-SHM, 2015 WL 893348, at *7 (W.D. Tenn. Mar. 2, 2015) (citing *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003)). A court reviews the determination of probable cause made by a judge with great deference and will reverse the decision only when arbitrarily made. *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). In reviewing the sufficiency of the evidence supporting probable cause, the Court is limited to examining the information contained within the four corners of the affidavit but must examine said information in light of the "totality of the circumstances." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2014) (quoting *Gates*, 462 U.S. at 239).

Coach and Seaberry argue that information obtained from the trash pull is insufficient to establish probable cause to search the Curbertson residence. Specifically, the Defendants argue that the trash pull is too far removed from the traffic stop. To support this position, Seaberry cites *United States v. Abernathy*, 843 F.3d 243 (6th Cir. 2016).[1] The Magistrate Judge found that *Abernathy* does not control the outcome of the instant case because, unlike the search warrant in *Abernathy*, the search warrant affidavit for the Curbertson residence included corroborating information from the intelligence communique from the Arkansas State Police. Both defendants, in their Motions to Suppress, argued that the trash pull was unreliable because there is no information as to how long the trash cans had been sitting on the curb or who placed them there. However, the Magistrate Judge found that none of these speculative concerns call into question the sufficiency of the probable cause established by the affidavit.

---

[1] Coach does not cite any cases to support his position.

In *Abernathy*, the Sixth Circuit held that the marijuana roaches and T2-laced plastic bags recovered from the trash pull were insufficient, standing alone, to create probable cause to search Defendant's residence. *Id*. at 256-57. However, the Court specifically stated

> [w]e do not hold that drug paraphernalia recovered from a trash pull can *never* establish probable cause to search a residence without additional corroborating evidence. For example, as we have noted, a particularly large quantity of drug refuse in a residence's garbage may suggest repeated and ongoing drug use in the residence sufficient to establish a fair probability that drugs will be found inside. We merely hold that the evidence recovered from the garbage outside of Defendant's residence was insufficient to establish probable cause.

*Id*. at 256 n.4.

As the Magistrate Judge stated, the search warrant affidavit in the instant case included corroborating information from the communique. Additionally, the officers collected marijuana refuse from multiple bags within the trash outside the Curbertson residence, which weighed 55.8 grams. The large quantity of drug refuse, multiple plastic bags, and phone card backings suggest repeated and ongoing drug distribution at the Curbertson residence. Therefore, the Court agrees with the Magistrate Judge's conclusion as to probable cause. These objections are OVERRULED.

### D. *Franks Hearing (Coach and Seaberry Objection)*

The Fourth Amendment requires a hearing to challenge the truthfulness of the factual statements made in an affidavit supporting a search warrant "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Making a substantial preliminary showing of a knowing falsehood in a search warrant affidavit is a heavy burden for the defendant because the affidavit enjoys a

7

presumption of validity. *See United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990); *Franks*, 438 U.S. at 171. For that reason, "the attacker's challenge must be more than conclusory and must be supported by more than a mere desire to cross-examine' to trigger an evidentiary hearing. *Franks*, 438 U.S. at 171-72. However, a *Franks* hearing is not required if the allegedly false statement in the warrant affidavit is not necessary to the finding of probable cause. *Id*. at 155-56.

Coach and Seaberry argue that paragraphs 3 and 9 of the search warrant affidavit were false or misleading. Paragraphs 3 and 9 of the warrant affidavit state the following:

> 3. During March 2016, the City of Bartlett Police Department Narcotics Unit, initiated an investigation into the illegal drug trafficking activities by Antonio Onard Coach after receiving an intelligence communique from the Arkansas State Police via DEA TFO Dustin Adair regarding Coach distributing large quantities of marijuana.
>
> 9. Also located in the trash were two (2) items of mail addressed to Antonio Coach at 2349 Curbertson along with several pre-paid cards. These cards are often used by dealers of illegal drugs to conceal the proceeds of those drugs and to fund their communications using pre-paid wireless cell phones.

(ECF No. 31-1 at 2-3). The Magistrate Judge found[2] that

> even if both of the challenged statements in paragraphs 3 and 9 were to be stricken, the court would nevertheless find that the redacted affidavit would contain ample probable cause to support the search warrant. Even without paragraph 3 and the portion of paragraph 9 relating to the prepaid cards, the affidavit would still contain the following information; 194 pounds of marijuana was discovered in a vehicle traveling from Dallas to Memphis; the vehicle was registered to Coach at the Curbertson residence; a trash pull conducted three weeks later uncovered several Ziploc bags containing marijuana residue; the marijuana residue weighed a total of 55.8 grams; and mail was discovered tying the drug-related items found in the trash to the Curbertson residence. This information alone is sufficient to establish probable cause to search the residence. The additional information in paragraphs 3 and 9 would be superfluous to a probable cause finding.

---

[2] The Magistrate Judge also found that the statement at issue in paragraph 3 could be read as defendants have suggested, but the statement is not false or inaccurate when read in context with the entire affidavit, and in particular paragraph 5. (ECF No. 54 at 10).

(ECF No. 54 at 11-12) (citations omitted).

As previously stated, a *Franks* hearing is not required if the allegedly false statement in the warrant affidavit is not necessary to the finding of probable cause. After a *de novo* review, the Court agrees with the Magistrate Judge's finding that Defendants did not make the substantial, preliminary showing required for a *Franks* hearing. There is nothing in the record to show that the Detective's reference to Coach's alleged large-scale marijuana activities or retrieval of phone cards were made with reckless disregard for the truth. Even without paragraphs 3 and 9, the affidavit contains sufficient information to establish probable cause. Accordingly, these objections are OVERRULED.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Defendants' Motions to Suppress are **DENIED**.

**IT IS SO ORDERED** this 12th day of July, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge